Filed 6/13/24  In re J.E. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| In re J.E., a Person Coming Under the Juvenile Court Law. | |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | D083614 |
| Plaintiff and Respondent, | (Super. Ct. No. J520368) |
| v. | |
| Ja.E., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Alexander M. Calero, Judge.  Conditionally reversed and remanded with directions.

Jill Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Claudia G. Silva, County Counsel, Lisa M. Maldonado, Chief Deputy County Counsel, and Evangelina Woo, Deputy County Counsel, for Plaintiff and Respondent.

## INTRODUCTION

Ja.E. (Mother) appeals from the juvenile court's order terminating parental rights to her son, J.E. (Welf. & Inst. Code,[1] 366.26.) Mother contends, and the San Diego County Health and Human Services Agency (Agency) concedes, that the Agency failed to comply with its initial inquiry duties under the federal Indian Child Welfare Act (25 U.S.C. § 1901 et seq.) (ICWA). The parties also agree that the juvenile court erred by relying on a prior ICWA finding in J.E.'s sibling's case to determine that ICWA was inapplicable to the proceedings. We accept the Agency's concession, conditionally reverse the order terminating Mother's parental rights, and remand for the limited purpose of compliance with ICWA and its related statutory provisions.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

In December 2020, the Agency petitioned the juvenile court on behalf of J.E. pursuant to section 300, subdivision (b)(1). The Agency included an ICWA-010(A) form with its petition that indicated the Agency had interviewed M.J. (Father), and he provided no reason to believe J.E. was Native American as defined by ICWA. The Agency also informed the court that in a dependency matter involving J.E.'s sibling, a juvenile court previously found, without prejudice, that ICWA did not apply to the proceedings. Consequently, the Agency opined that ICWA was not applicable to J.E.'s case.

---

[1] Unspecified statutory references are to the Welfare and Institutions Code.

[2] Mother's sole contentions on appeal concern ICWA, and we limit our discussion of the factual and procedural background to those facts relevant to her claims.

2

At the detention hearing, the court made a prima facie finding that J.E. fell within its jurisdiction and detained him in out-of-home care. The court also found, without prejudice, that ICWA did not apply to the proceedings. The minute order from the detention hearing states, "court takes judicial notice as to ICWA. Previous findings were made in sibling's case."[3]

Thereafter, the Agency documented its interviews with Mother and the maternal grandmother in reports submitted to the juvenile court. The reports do not reflect that the Agency inquired from them regarding any potential Native American ancestry. And although Mother listed relatives who were providing her support during the dependency proceedings, including J.E.'s maternal aunt, the record does not demonstrate that the Agency attempted to contact the maternal aunt as part of its ICWA investigation. Nor was there investigation of J.E.'s extended paternal family; Father informed an Agency social worker that the paternal grandmother resided in San Antonio, Texas, but the record does not reflect any attempt to contact her.

Nonetheless, relying on the juvenile court's prior finding at the detention hearing that ICWA was inapplicable, the Agency continued to recommend that ICWA did not apply. At multiple hearings during the dependency proceedings, the court reaffirmed its prior finding that ICWA was inapplicable. The minute order from a review hearing in February 2022 reflects the court additionally found the Agency had "conducted adequate further inquiry to identify and work with all of the tribes of which there is reason to know that the child may be a member, or eligible for membership

---

[3] The record does not include a transcript of this hearing. The normal record on appeal from an order terminating parental rights includes only the reporter's transcripts of the oral proceedings at the section 366.26 hearings. (Cal. Rules of Court, rule 8.407(b)(2).)

[and] to verify whether the child is in fact a member or whether a biological parent is a member and the child is a member."

At the final section 366.26 hearing in February 2024, the Agency again recommended the court find ICWA did not apply to the proceedings. The court adopted the Agency's recommendation and found ICWA did not apply. The court then terminated parental rights and referred J.E. for adoptive placement.

DISCUSSION

In California dependency proceedings, the juvenile court and Agency have an "affirmative and continuing duty to inquire" whether a child "is or may be an Indian child." (§ 224.2, subd. (a).) "This continuing duty can be divided into three phases: the initial duty to inquire, the duty of further inquiry, and the duty to provide formal ICWA notice." (*In re D.F.* (2020) 55 Cal.App.5th 558, 566.) In the first phase, where the child is taken into temporary custody pursuant to sections 306 or 307, the Agency's initial inquiry must include, "but is not limited to, asking the child, parents, legal guardian, Indian custodian, [and] extended family . . . whether the child is, or may be, a Indian child[.]" (§ 224.2, subd. (b).) ICWA defines " 'extended family member' " by "the law or custom of the Indian child's tribe" or, absent such law or custom, as "a person who has reached the age of eighteen and who is the Indian child's grandparent, aunt or uncle, brother or sister, brother-in-law or sister-in-law, niece or nephew, first or second cousin, or stepparent." (25 U.S.C. § 1903(2); § 224.1, subd. (c) [" 'extended family member' . . . defined as provided in [§] 1903" of ICWA].) Where, as here, the facts are undisputed, "we independently determine whether ICWA's requirements have been satisfied." (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1051.)

4

As the Agency concedes, it was required to interview J.E.'s extended family to the extent those relatives were available. (§ 224.2, subd. (b).) The record does not reflect the Agency made an ICWA-related inquiry with Mother or the maternal grandmother. Nor does the record suggest an effort to interview the maternal aunt and paternal grandmother, both of whom were mentioned by the parents in conversations with an Agency social worker. Accordingly, the evidence before the juvenile court did not include sufficient inquiries of J.E.'s extended family.

Moreover, the previous ICWA finding regarding J.E.'s sibling was not dispositive of J.E.'s status under ICWA because " '[a] determination of tribal membership is made on an individual basis . . . .' " (*In re Jonathan D.* (2001) 92 Cal.App.4th 105, 111.) The court's judicial notice of the prior ICWA finding in J.E.'s sibling's case was therefore insufficient, without more, to support its finding that ICWA did not apply. (*Ibid.*) Accordingly, we conclude the court's finding that ICWA did not apply to the proceedings was not supported by sufficient evidence. We conditionally reverse the court's order terminating Mother's parental rights and remand the matter to the juvenile court so the Agency may comply with ICWA and section 224.2. The parties have filed a joint stipulation to immediate issuance of the remittitur, which we accept. (Cal. Rules of Court, rule 8.272(c)(1).)

DISPOSITION

The juvenile court's order terminating Mother's parental rights is conditionally reversed. The matter is remanded to the juvenile court with directions that the Agency comply with the inquiry provisions of ICWA and section 224.2. If, after Agency compliance with ICWA and section 224.2, the juvenile court finds that no ICWA notice is required to be given, the juvenile court shall reinstate the order terminating Mother's parental rights. If, after compliance with section 224.2, the juvenile court finds that ICWA notice is required, the Agency shall comply with its ICWA notice obligations and the juvenile court shall proceed accordingly. The clerk of this court is directed to issue the remittitur immediately.

BUCHANAN, J.

WE CONCUR:

HUFFMAN, Acting P. J.

IRION, J.

6